[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 28, 1991, the maternal plaintiff ("Kyle Ann"), individually, and as parent and next friend of her minor son, Marc Henry Donnelly ("Marc"), and her husband ("Roger"), filed a revised four count complaint against the defendants, Candlewood Obstetric-Gynecological Associates, P.C., and Drs. Gerald Foye, Kevin Mitchell and Jose F. Henriquez. The plaintiffs seek damages for the alleged wrongful life of Marc.
Marc's claim is set forth in its entirety in the first count of the revised complaint. The second count is brought by Kyle Ann and Roger for medical expenses incurred by them during their son's minority. The third and fourth counts are brought by Kyle Ann, individually, for emotional distress and breach of contract, respectively.
On March 25, 1991, the defendants filed a motion to strike the first and fourth counts of the revised complaint which allege wrongful life and breach of contract. The defendants' motion was granted by the court, Moraghan, J., by Memorandum of Decision dated June 8, 1992. The court did not enter judgment on the motion to strike. On June 19, 1993, the plaintiffs attempted to preserve their right to appeal the judgment of the court, dated June 8, 1992, by filing a notice of intent to appeal in accordance with Sec. 4002 of the Rules of Appellate Procedure. On October 4, 1993, pursuant to General Statutes, Sec. 52-227 and Practice Book, Sec. 157, Marc, through his parent and next friend Kyle Ann, moved that final judgment be entered against him on the first count of the revised complaint. On October 18, 1993, the defendants filed an objection to the plaintiff's motion.
Section 52-227 of the General Statutes provides that:
 In any civil action in which a cause of action is sustained in favor of or against only a part of the parties thereto, judgment may be rendered in favor of or against such parties only; but any defendant against whom no recovery is obtained shall be entitled to costs.
Section 157 of the Practice Book recites that:
 Within fifteen days after the granting of any motion to strike, the party whose pleading has been CT Page 1093 stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint, counterclaim or cross complaint.
Section 4002 of the Rules of Appellate Procedure dictate that, inter alia:
 (a) A judgment pursuant to subsections (b) or (c) of this rule that disposes of certain of the issues between the parties or of part or all of the issues between some of them may be treated as a final judgment for the purpose of an appeal by the party or parties against whom the judgment is rendered, notwithstanding that the cause remains undisposed of on other issues or as to other parties. Alternatively, the party or parties may reserve their appeal until the final judgment is rendered which disposes of the cause for all purposes and as respects all parties, provided, in such a case, that notice of such reserving of appeal shall be filed in the trial court accompanied by a certification that a copy thereof has been served on each counsel of record in accordance with the provisions of Sec. 4014 within twenty days after issuance of notice of the rendition of the judgment disposing of part of the issues.
 (b) When an entire complaint, counterclaim or cross complaint has been stricken, the trial court, may, pursuant to Sec. 157, render judgment on such stricken complaint, counterclaim or cross complaint.
 When fewer than all of the counts of a complaint, counterclaim or cross complaint have been stricken, the trial court may, upon motion pursuant to this subsection, render judgment upon such stricken counts if (1) such counts are directed against a party against whom no relief is CT Page 1094 sought in the remaining counts of such pleading, or (2) the parties consent to entry of judgment and the trial court makes a written finding or written determination that the issues involved in the stricken counts are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified. A party entitled to appeal from such judgment may appeal regardless of which party moved for the judgment to be made final.
Section 323 of the Practice Book provides that:
 In all actions, whether the relief sought be legal or equitable in its nature, judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and the court may grant to a defendant any affirmative relief to which he may be entitled, and may determine the rights of the parties on each side as between themselves in so far as a consideration of the issues between them is necessary to a full adjudication as regards the claim stated in the complaint. (See General Statutes, Sec. 52-227.)
In his memorandum of law in support of his motion, the minor plaintiff argues that because his cause of action which was stated entirely in count one of the revised complaint was stricken, the court terminated his cause of action and judgment should enter accordingly. In the alternative, he would argue that the applicability of Sec. 157 of the Practice Book should be determined according to the result that would have obtained if the minor plaintiff had brought his action by a separate complaint. He continues that argument by asserting that section 52-227 of the General Statutes, and section 323 of the Practice Book directly support his motion for entry of judgment.
The defendants have responded by saying that Sec. 157 of the Practice Book is inapplicable in the present action because fewer than all counts of the complaint have been stricken. They also postulate that the court's ruling is governed by Sec. 4002 of the Rules of Appellate Procedure, and because the minor plaintiff has chosen to reserve his appeal CT Page 1095 until final judgment is rendered. They conclude by claiming that section 52-227 and section 323 do not provide authority for the plaintiff's motion.
In Breen v. Phelps, 186 Conn. 86, 88-90, the plaintiff appealed the decision of the trial court striking the first count of a two count complaint. The defendant claimed that the court could not consider the plaintiff's claim of error with respect to striking that count because "the granting of the motion to strike that count is not a final judgment." The court stated that "Practice Book Sec. 157 . . . expressly provides for the entry of judgment upon motion `where an entire complaint, counterclaim or cross complaint has been stricken.' The rule does not apply in this case . . . where only one count of the complaint was stricken." The court then addressed the purpose behind limiting judgments under Sec. 157 to the striking of an entire complaint, stating that the purpose is "to discourage piecemeal litigation by deferring any appeal from a ruling upon a single count of a complaint until all of the plaintiff's claims against the defendant have finally been decided."
In Kilbride v. Dushkin Publishing Group, Inc., 186 Conn. 718,721, two plaintiffs, in eight counts, brought essentially the same claims against the named defendant, and four individual defendants, based upon four separate theories of liability: negligence, breach of employment contracts, defamation, and interference with contract rights. The trial court granted a motion to strike disposing of all counts except those alleging defamation against two of the individual defendants, as well as the breach of contract and tortious interference counts against another of the individual defendants. In denying the defendants' motion for judgment, the court stated that "Section 157 does not authorize such a judgment upon the stricken counts of a complaint while the others remain to be adjudicated in the trial court." It continued in addressing the issue that:
 Where the subject of an appeal is the granting of a motion to strike . . . our rules of practice make no provision for rendering judgment upon less than an entire complaint even though the claims remaining to be adjudicated in the trial court do not involve all of the defendants. Practice Book, Sec. 157. We cannot read into Sec. 157 any exception for CT Page 1096 situations where the partial judgment rendered is fully dispositive insofar as some of the parties are concerned. . . .
 Since the function of Practice Book, Sec. 157 is to allow the striking of an `entire complaint, counterclaim or cross complaint' to be appealable as a final judgment, the judgment rendered by the trial court in this action upon fewer than all counts of the complaint, being unauthorized by that rule, cannot be accorded such status. (Emphasis added.)
Kilbride v. Dushkin Publishing Group, Inc., supra, 724.
The court is hardly satisfied that Sec. 157 is applicable to the instant proceeding. Even a perfunctory reading of Kilbride presents barrier language for the plaintiffs' efforts. "We cannot read into Sec. 157 any exception for situations where the partial judgment rendered is fully dispositive insofar as some of the parties are concerned." (Emphasis added.) No contrary authority has been offered. Section 157 also avails them nothing. The language "provided that in those instances where an entire complaint has been stricken . . .," is rather strong support for the argument that Sec. 157 is inapplicable to the present action in that the entire complaint has not been stricken. Section 4002(b)(2) speaks to the striking of separate claims and their attendant appealability. Indeed, the plaintiffs are unable to draw any comfort from that rule since it declared that final judgment can only be rendered against stricken counts which are fewer than all of the counts of a complaint when (1) the stricken counts are directed against a party who is not named in the remaining counts, or (2) the parties consent to entry of judgment, along with a trial court determination, that the stricken issues "are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified."
Section 4002(b)(1) is inapplicable to the present action because the parties against whom the stricken count at issue is directed are named defendants in the two remaining counts of the plaintiff's revised complaint. There is no agreement in accordance with Sec. 4002(b)(2), between the parties herein to trigger that subsection. The minor plaintiff is not CT Page 1097 authorized pursuant to either Sec. 4002(b)(1) or (2) of the Rules to move for the entry of judgment on count one of the revised complaint.
They also rely on Sec. 52-227 of the General Statutes and Sec. 323 of the Practice Book for support for the entry of judgment herein. Neither refers to the entry of judgment when one count of a complaint has been stricken. No authority for the application of either source to this situation has been offered, and the court in its own research has failed to make such a discovery. Section 4002 of the Rules is the proper authority for obtaining a judgment after the granting of a motion to strike.
It should also be noted that the minor plaintiff has attempted to reserve his appeal by filing a notice of intent to appeal pursuant to Sec. 4002. However, he has not complied with the requirements of that section, and his attempt is rendered ineffective. That the fact that the minor plaintiff could have brought his cause of action by a separate complaint, while true, is of no moment, since the plaintiffs have chosen to combine their various causes of action in a single complaint.
The motion for the entry of judgment is, accordingly, denied.
Moraghan, J.